# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| STACIE KREINBRINK, <br> 2949 West Course Rd. <br> Maumee, Ohio 43537 | ) ) ) ) | Case Number: 3:18-cv-651 |
| | ) | Judge: |
|       Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** |
| | ) | |
| I.C. SYSTEM, INC., <br> c/o CT Corporation System <br> Ohio Statutory Agent <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 | ) ) ) ) ) | **With Jury Demand Endorsed Hereon** |
|       Defendant. | ) ) | |

Now comes Plaintiff Stacie Kreinbrink, by and through counsel, and for her complaint against Defendant I.C. System, Inc. hereby states as follows:

## INTRODUCTION

1.  Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act 28 U.S.C. § 1692 et seq. (the "FDCPA") and Ohio law R.C. 1321.45 et seq. and R.C. 1345.01 et seq.

2.  Defendant is a nationwide debt collection company that engages in reckless and aggressive debt collection practices in derogation of controlling federal and state statutes and the rights of consumers.

3.  Defendant made initial contact with Plaintiff by telephone and thereafter by letter dated February 25, 2017, attempting to collect a debt alleged owing from Plaintiff.

4.  On March 10, 2017, Plaintiff, through her attorney, mailed a timely demand for verification of the alleged and disputed debt.

5.  To date Defendant has provided no verification of the disputed debt.

6.  In Fact, Defendant never provided any response to Plaintiff's March 10, 2017, verification demand.

1

7. On March 16, 2017, Plaintiff filed suit against the original creditor of the disputed debt, Empire Today, LLC, in the Lucas County, Ohio, Common Pleas Court designated as Case No. CI0201701984 (the "Litigation").

8. Plaintiff dismissed the Litigation with prejudice on July 26, 2017.

9. Empire Today, LLC notified Defendant on June 28, 2017, of the urgent removal of the alleged debt from any further collection activity.

10. Defendant responded to Empire Today, LLC, on June 28, 2017, that they had withdrawn the account.

11. Even though Empire Today, LLC withdrew the account and Defendant never provided any verification of the alleged debt, Defendant by letter dated February 17, 2018, seven and a half months after withdrawal by its own customer, makes a further attempt to collect on the now settled debt.

12. Defendant's conduct violates the FDCPA.

13. Defendant's conduct violates R.C. 1345.21 et seq. and R.C. 1345.01 et seq.

14. Defendant's conduct was willful, intentional, without justification and not a bona fide error.

15. Defendant has failed to institute proper procedural safeguards reasonably adapted to avoid any error Defendant may claim.

16. Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorneys' fees, court costs, expert fees, deposition costs and injunctive relief.

## PARTIES

17. Stacie Kreinbrink ("Plaintiff") is an individual at all times relevant hereto residing in Lucas County, Ohio at the address set forth in the caption.

18. I.C. System, Inc. is a Minnesota corporation which conducts significant business in Ohio and maintains a statutory agent address as on file with the Ohio Secretary of State's Office as set forth in the caption.

19. All allegations herein of acts or omissions by Defendant include, but are not limited to, acts and omissions of Defendant's officers, directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners; and that such acts and omissions were committed or made with express and/or implied authority of the Defendant, or were ratified or otherwise approved by Defendant; or otherwise that such acts or omissions were made in the routine, normal course of the actor's employment or agency, and within the scope of the agency or employment, as the case may be.

2

20. Under information and belief, the principal business purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts claimed to be due another.

## JURISDICTION & VENUE

21. This Court has subject matter jurisdiction under 28 U.S.C. § 1692, as this action arises under the FDCPA, a federal statute.

22. Jurisdiction of this Court arises under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

23. Jurisdiction of this Court arises under 28 U.S.C. § 1692k(d) which states: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs".

24. Venue is proper in the Northern District of Ohio, Western Division under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

25. Venue is proper in the Northern District of Ohio, Western Division as this Court has personal jurisdiction over Defendant because it conducts significant business in this District, is registered with the Ohio Secretary of State as a foreign corporation, Plaintiff resides here and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. Furthermore, the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## FACTUAL ALLEGATIONS

26. Defendant made initial contact with Plaintiff by telephone and thereafter by letter dated February 25, 2017, attempting to collect a debt alleged owing from Plaintiff (copy attached hereto and fully incorporated herein as "Exhibit A")(the "Initial Collection Letter").

27. The Initial Collection Letter contained the required "Mini Miranda" language regarding Plaintiff's right to dispute the debt and request validation of same.

28. On March 10, 2017, Plaintiff, through her attorney, disputed the debt and mailed a timely demand for verification of the alleged debt (copy attached hereto and fully incorporated herein as "Exhibit B")(the "Initial Dispute and Demand for Verification").

29. Upon mailing the Initial Dispute and Demand for Verification Plaintiff received a stamped Certificate of Mailing from the United States Postal Service verifying such mailing to the address of

Defendant as provided in its Initial Collection Letter (copy attached hereto and fully incorporated herein as "Exhibit C").

30. Plaintiff's Initial Dispute and Demand for Verification was never returned by the USPS.

31. To the date of the filing of the instant litigation Defendant has failed to provide any verification of the disputed debt.

32. To the date of the filing of the instant litigation Defendant has failed to provide any response to Plaintiff's March 10, 2017, Initial Dispute and Demand for Verification.

33. On March 16, 2017, Plaintiff filed suit against the original creditor of the disputed debt, Empire Today, LLC, in the Lucas County, Ohio, Common Pleas Court designated as Case No. CI0201701984 (the "Litigation") for claims relative to the disputed debt and otherwise.

34. Plaintiff dismissed the Litigation with prejudice on July 26, 2017.

35. Empire Today, LLC notified Defendant via electronic mail on June 28, 2017, of the urgent removal of the alleged debt from any further collection activity (copy attached hereto and fully incorporated herein as "Exhibit D").

36. Defendant responded to Empire Today, LLC, on June 28, 2017, confirming that they had withdrawn the account (see Exhibit D).

37. Even though the Empire Today, LLC withdrew the account and Defendant never provided any verification of the alleged debt, Defendant by letter dated February 17, 2018, seven and a half months after withdrawal by its own customer, makes a further attempt to collect on the allged debt (copy attached hereto and fully incorporated herein as "Exhibit E").

## LEGAL BASIS FOR THE CLAIMS

38. Defendant is a collection agency and a "debt collector" as that term is defined by U.S.C. § 1692a(6) and R.C. 1321.45(A)(1).

39. Plaintiff is a "consumer" as that term is defined by U.S.C. § 1692a(3).

40.  Plaintiff is a "borrower" as that term is defined by and R.C. 1321.45(A)(2).

41. Plaintiff states that the Initial Collection Letter to Plaintiff by Defendant constitutes a "communication" as that term is defined in 15 U.S.C. § 1692a(2) and R.C. 1321.45(A)(3).

42. Plaintiff states that the alleged and disputed debt constitutes a "debt" as that term is defined in 15 U.S.C. § 1692a(5) and arose from a transaction which was primarily for personal, family or household purposes.

43. Plaintiff states that she has not received any responsive communications from Defendant after transmitting her Initial Dispute and Demand for Verification.

44. Plaintiff states that Defendant is responsible for the acts and actions of their employees and agents.

45. Under information and belief, Plaintiff states that Defendant's acts and omissions were meant to deceive Plaintiff.

46. Plaintiffs states that Defendant's acts and omissions were negligent.

47. Plaintiffs states that Defendant's acts and omissions were grossly negligent.

48. Under information and belief, Plaintiffs states that Defendant's acts and omissions were completed with prior calculation, planning and are part of Defendant's normal operating procedures and business model.

49. Plaintiff continues to dispute the validity of the debt upon which this action is based.

50. Pursuant to 15 U.S.C. § 1692g(b), Plaintiff herein demands from Defendant verification of this debt, or a copy of the judgment against her, with same to be provided within thirty days of Defendant's receipt hereof.

51. Pursuant to 15 U.S.C. § 1692g(b), Plaintiff demands from Defendant the name and address of the original creditor, with same to be provided within thirty days of Defendant's receipt hereof.

52. Plaintiff states that Defendant's acts and omissions as complained of herein were committed by Defendant recklessly, maliciously, intentionally, and knowingly in violation of Federal and State statute all in an abusive manner.

53. Defendant knew, or should have known, that its acts and conduct as set forth herein would cause injury and harm to Plaintiff.

54. Plaintiff states that the natural consequence of the conduct engaged in by Defendant, as complained of herein, was to harass, oppress or abuse Plaintiff.

55. Plaintiff states that the goal of the FDCPA is to eliminate abusive debt collection practices as those set forth herein. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010).

56. Plaintiff states that the acts and conduct of Defendant as set forth herein caused her injury and harm.

57. Plaintiff states that she had to retain an attorney to investigate and respond to Defendant's actions as set forth herein.

58. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she incurred actual costs and expenses in retaining an attorney to defend against the abuses of Defendant and uphold her legal rights.

59. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she was distressed and angered that she would have to again address emotional issues that she previously spent considerable time and emotion in settling with the original creditor.

60. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she was distressed and angered that she may have to pay a disputed debt that she previously settled with the original creditor.

61. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she was distressed and angered that she may have to expend additional time and money in arguing against the debt alleged due by Defendant.

62. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she was distressed and angered that her personal credit may have been negatively affected by Defendant's abuses as set forth herein.

63. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she was required to spend time to determine if her personal credit had been negatively affected by Defendant's abuses as set forth herein.

64. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she is still concerned and distressed that her personal credit may be negatively affected by Defendant's abuses as set forth herein and otherwise.

65. Plaintiff states that the false representations of Defendant as to the fact that the debt was still due and owing created the risk of mental distress, a harm that Congress identified when enacting the FDCPA.

66. Plaintiff states that as a direct result and consequence of Defendant's conduct as set forth herein she suffered emotional distress, anxiety, anger, and frustration as a consequence of Defendant's FDCPA violations.

## **FIRST CLAIM**
### **Violation of 15 U.S.C. § 1692g**

67. Plaintiff incorporates the preceding paragraphs of their Complaint as if fully rewritten herein.

68. Plaintiff states that she notified Defendant in writing by mail within the thirty-day period described in subsection (a) of 15 U.S.C. § 1692g that she disputed the debt.

69. Plaintiff states that she demanded from Defendant in writing by mail within the thirty-day period described in subsection (a) of 15 U.S.C. § 1692g that the debt be verified.

70. Plaintiff states that she requested from Defendant in writing by mail within the thirty-day period described in subsection (a) of 15 U.S.C. § 1692g the name and address of the original creditor.

71. Plaintiff states that she received no responsive communication from Defendant relative to her notification, demand or request.

72. Plaintiff states that Defendant has failed to respond to her notification, demand or request.

73. Plaintiff states that the foregoing acts and omissions of Defendant are violations of 15 U.S.C. § 1692gf and Plaintiff has thereby been injured by Defendant.

74. As a direct and proximate result of Defendant's violations as set forth in this First Count, Plaintiff has been injured in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

## SECOND CLAIM

### Violation of 15 U.S.C. § 1692f

75. Plaintiff incorporates the preceding paragraphs of their Complaint as if fully rewrittenherein.

76. Plaintiff states in its attempts to collect upon the disputed debt as set forth herein, Defendant did use unfair or unconscionable means.

77. Under information and belief Plaintiff states that Defendant's acts and omissions as set forth herein were completed with prior calculation, planning and are part of Defendant's normal operating procedures and business model.

78. Plaintiff states that Defendant's acts and omissions as set forth herein were false and misleading representations and deceptive means all in an attempt to collect the disputed debt.

79. Plaintiffs states that foregoing acts and omissions of Defendant are violations of 15 U.S.C. § 1692f and Plaintiffs have thereby been injured by Defendants.

80. As a direct and proximate result of Defendant's violations as set forth in this Second Count, Plaintiff has been injured in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

## THIRD CLAIM

### Violation of 15 U.S.C. § 1692d

81. Plaintiff incorporates the preceding paragraphs of their Complaint as if fully rewritten herein.

82. Plaintiff states Defendant's acts as set forth herein were attempted in connection with the collection of a debt.

83. Plaintiff states in its attempts to collect upon the disputed debt as set forth herein, Defendant did engage in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff.

84. Plaintiffs states that foregoing acts and omissions of Defendant are violations of 15 U.S.C. § 1692d and Plaintiffs have thereby been injured by Defendants.

85. As a direct and proximate result of Defendant's violations as set forth in this Third Count, Plaintiff has been injured in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

## FOURTH CLAIM

### Violations of Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

86. Plaintiff incorporates the preceding paragraphs of their Complaint as if fully rewritten herein.

87. The collection of debts associated with consumer transactions is within the purview of the Ohio Consumer Sales Practices Act ("OCSPA") since it covers acts which occur before, during or after the transaction. See R.C. 1345.02(A); 1345.03(A); *Celebrezze* v. *United Research, Inc.* (1984), 19 Ohio App.3d 49.

88. At all times relevant, Defendant was attempting to collect a disputed debt which was primarily for personal, family or household purposes.

89. Defendant is a "supplier" as that term is defined in R.C. 1345.01.

90. Plaintiff is a "consumer" as that term is defined in R.C. 1345.01.

91. The disputed debt arose from a "consumer transaction" as that term is defined in R.C. 1345.01.

92. The transactions and communications between the parties constitute a "consumer transaction" as that term is defined in R.C. 1345.01.

93. Defendant had "knowledge" as that term is defined in R.C. 1345.01 by at least June 28, 2017, that the disputed debt was withdrawn and cancelled for collection purposes by the original creditor Empire Today, LLC.

94. Defendant committed unfair or deceptive acts or practices in violation of R.C. 1345.02, *et seq*.

95. Defendant's acts and practices as plead herein constitute unconscionable acts or practices in violation of violations of R.C. 1345.02.

96. Defendant's unconscionable consumer sales acts and practices are in violation of R.C. 1345.03, *et seq*.

97. Defendant's acts and practices as plead herein constitute unconscionable acts or practices, including but not limited to, the fact that Defendant attempted to collect a debt it knew had been cancelled.

98. Pursuant to R.C. 1345.09(A) Defendant's violations as plead herein constitute acts prohibited by R.C. 1345.02 and/or R.C. 1345.03 and as such Plaintiff is entitled to recover their actual economic damages plus an amount, not exceeding five thousand dollars in noneconomic damages.

99. Defendant knowingly committed unfair, deceptive and unconscionable acts and/or practices in violation of R.C. 1345.02 and/or 1345.03.

100.     Defendant's violations of R.C. 1345.01, *et seq.* as plead herein were committed knowingly.

101.     Defendant's acts and omissions as set forth herein were violative of R.C. 1345.09(B).

102.     As a result of Defendant's violation of R.C. 1345.02 and/or 1345.03, Plaintiff is entitled to the relief as provided by R.C. 1345.09.

103.     Since Defendant, knowingly, as that term is defined in R.C. 1345.01(E) and section 109:4-3-01 of the Administrative Code, committed acts and practices violating Chapter 1345, *et seq.* as set forth herein, Plaintiffs are entitled to their reasonable attorneys' fees pursuant to R.C. 1345.09(F).

104.     Pursuant to R.C. 1345.09(B) Defendant's violations as plead herein constitute acts or practices declared to be deceptive or unconscionable by rule adopted under division (B)(2) of R.C. 1345.05 before the consumer transaction on which this action is based, or an act or practice determined by a court of this state to violate R.C. 1345.02 , 1345.03, or 1345.031 and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of R.C. 1345.05, and as such Plaintiffs are entitled to recover three times the amount of the their actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages.

105.     Defendant committed unfair, deceptive, and unconscionable acts and practices in violation of the OCSPA, R.C. 1345.02(A) and R.C. 1345.03(A), by using debt collection methods that violated the FDCPA, 15 U.S.C. 1692-1692p. *State ex rel. DeWine v. Rotech holdings, Ltd., et al.* Case No. 15 CV 009736 C.P. Franklin Cty. PIF Number 3269 (published in PIF 8/172016).

106.     Defendant committed unfair and deceptive acts and practices in violation of R.C. 1345.02(A) by attempting to collect upon a debt which arose from a consumer transaction and the supplier knew had been cancelled pursuant to a valid request from the original creditor, Empire Today, LLC, and which such acts were determined to be an unconscionable act or practice prohibited by the Ohio Consumer Sales Practices Act, R.C. 1345.03(A). *State ex rel. Calabrese v. Creditors Multi System, Inc.89-337* C.P. Stark Cty. PIF Number 10001052 (published in PIF 2/27/1989).

107.     Defendant knew the debt was invalid as it had been withdrawn by the original creditor, yet Defendant attempted to collect upon said debt. "A supplier's attempts to collect or enforce an invalid debt, including reporting the debt to a credit reporting agency, is a violation of R.C. 1345.03. See *Liggins v. May Co.*, 44 Ohio Misc. 81 (and 53 Ohio Misc.  21) as cited by *Damask v. Modern Communications, Ltd.*  Case No. CI-99-3859, C.P. Lucas Cty. PIF Number 10001940 (published in PIF 10/20/2000).

108.     Defendant knew the debt was invalid as the original creditor withdrew the debt from collection, yet Defendant attempted to collect upon said debt. "Suppliers attempted to collect on debts

not owed by the consumers…" is a "… prohibited debt collection method[s]…" thereby committing "… unfair, deceptive and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and R.C. 1345.03(A), by using debt collection methods that violated the FDCPA, 15 U.S.C. 1692-1692p". *In RE Angel Lopez, Angel Lopez, et al. v. United Receivables Group, LLC, et al.* State of Ohio, Office of the Attorney General, Consumer Protection Section Docket No. 482675 PIF Number 3308 (published in PIF 3/9/2017).

109.    Plaintiff timely notified Defendant in writing that she disputed the debt and demanded verification of same. Defendant never provided said verification and instead made an additional attempt to collect the debt. "When consumers requested that supplier send documentation that verified the consumers owed the alleged debt, supplier refused to do so and continued collection activities" such acts are a violation of R.C. 1345.02(A) and R.C. 1345.03(A), by using debt collection methods that violated the FDCPA, 15 U.S.C. 1692-1692p. *In RE Angel Lopez, Angel Lopez, et al. v. United Receivables Group, LLC, et al.* State of Ohio, Office of the Attorney General, Consumer Protection Section Docket No. 482675 PIF Number 3308 (published in PIF 3/9/2017).

110.    Plaintiff timely notified Defendant in writing that she disputed the debt and demanded verification of same. Defendant never provided said verification and instead made an additional attempt to collect the debt. "That the failure of a debt collector to verify the validity of a debt, when requested by the consumer pursuant to 15 U.S.C. §1692g(b), … is an unconscionable practice pursuant to R.C. 1345.03". *Howard v. Recovery Consultant, Inc.* Case No. 88 SCI 96, Lorain Municipal Court, Lorain County, Ohio, PIF Number 10000979 (published in PIF 7/7/1988).

111.    The acts of Defendant as stated herein were committed after decisions were available for public inspection under R.C. 1345.05(A)(3), thus entitling Plaintiff to the imposition of additional civil penalties pursuant to R.C. 1345.09(B).

112.    As a direct and proximate result of Defendant's violations as set forth in this Fourth Count, Plaintiff has been injured in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

## FIFTH CLAIM
### Request for Injunction Relief R.C. 1345.09

113.    Plaintiff incorporates the preceding paragraphs of their Complaint as if fully rewritten herein.

114.    R.C. 1345.09(D), provides that a consumer may seek injunctive relief.

115.    Pursuant to R.C. 1345.09, Plaintiff seeks an Order from this Court permanently barring Defendant from making any further attempts to collect upon the disputed debt, transferring the disputed

debt to another collection agency and from negatively reporting the disputed debt to any credit reporting agency or bureau.

### SIXTH CLAIM

**Violations of R.C. 1321.45 et seq.**

116.    Plaintiff incorporates the preceding paragraphs of their Complaint as if fully rewritten herein.

117.    Defendant knowingly uses false, deceptive, and/or misleading representation or means in connection with the disputed debt in violation of R.C. 1321.45(G).

118.    Defendant knowingly falsely represented the character, amount, and/or legal status of the disputed debt in violation of R.C. 1321.45(G)(2).

119.    Defendant knowingly used false representation(s) and/or deceptive mean(s) in an attempt to collect the disputed debt in violation of R.C. 1321.45(G)(10).

120.    Defendant knowingly used unfair and/or unconscionable means in an attempt to collect the disputed debt in violation of R.C. 1321.45(H).

121.    Defendant failed to follow the practices set forth in the federal "Fair Debt Collection Practices Act," 91 Stat. 874 (1977), sections 15 U.S.C. 1692b, 15 U.S.C. 1692c, 15 U.S.C. 1692d, 15 U.S.C. 1692e, and/or 15 U.S.C. 1692f  thereby violating R.C. 1321.45 et seq.

122.    As a direct and proximate result of Defendant's violations as set forth in this Sixth Count, Plaintiff has been injured in an amount in excess of Twenty Five Thousand Dollars ($25,000.00).

**WHEREFORE**, Plaintiff Stacie Kreinbrink respectfully requests that this Court find in her favor and against Defendant and awarding the following:

I.      Plaintiff's actual damages sustained plus additional damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(1) and (2);

II.     Plaintiff's actual economic damages and plus an amount not exceeding five thousand dollars in noneconomic damages pursuant to R.C. 1345.09(A);

III.    Three times Plaintiff's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages pursuant to R.C. 1345.09(B);

IV.     Reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a)(3) and R.C. 1345.09(F)(2);

V.      An Order permanently barring Defendant from making any further attempts to collect upon the disputed debt, transferring the disputed debt to another collection agency and from negatively reporting the disputed debt to any credit reporting agency or bureau pursuant to R.C. 1345.09(D);

VI.     Punitive damages;

VII.    Costs of this action; and

VIII.   Any and all other relief this Court deems necessary, appropriate and just in the circumstances.

Respectfully submitted:

Date: March 20, 2018

*/s/ Thomas D. Pigott*
Thomas D. Pigott (0062919)
Pigott, Ltd.
Attorney for Plaintiff
P.O. Box 8813
Toledo, Ohio  43623-0813
Phone: (419) 776-4567
Facsimile: (419) 754-2507
Email: tpigott@pigottlaw.com

## JURY DEMAND

Plaintiffs respectfully demand a jury trial as to all issues so triable within cause.

*/s/ Thomas D. Pigott*
Thomas D. Pigott
Attorney for Plaintiff

EXHIBIT A



# PIGOTT, LTD.    EXHIBIT B

Thomas D. Pigott, Esq.
Attorney and Counselor at Law

Writer's Direct Phone: (419) 776-4567
Email: tpigott@pigottlaw.com

Thursday, March 9, 2017

IC Systems
P.O. Box 64437
St. Paul, MN 55164

RE:      Our Client - Stacie Kreinbrink, 2949 West Course Rd., Maumee, Ohio 43537
         Creditor - Empire Today, LLC
         Account # - FT04038
         I.C. System Reference No. - 117103520-1-19
         Claimed Principal Due - $4,056.61

Date listed on collection notice 2/25/2017
RE:

To Whom It May Concern:

Please be advised that the undersigned is legal counsel to Stacie Kreinbrink. Our client received your initial written contact dated 2/25/2017 on 3/7/2017 and telephoned your offices on 3/8/2017. A copy of the letter is enclosed for your convenience. Please make all further contact regarding this matter to the undersigned via mail or electronic mail only. Do not contact our client.

Please accept this letter as our client's dispute of the validity of the debt claimed due. This letter has been provided to you within the thirty (30) day statutory period. Please provide verification of this debt to the undersigned.

This office has been retained to file suit against the claimed creditor.

Sincerely,

PIGOTT, LTD.

BY: _____
         Thomas D. Pigott, Esq.

Enclosure
20170309. KREINBRINK. IC Systems. Dispute Ltr..doc





EXHIBIT C

3/13/2018          20170628. RE Urgent Removal FT04038- Stacie Kreinbrink.htm

| | |
|---|---|
| **From:** | ClientService [clientservice@icsystem.com] |
| **Sent:** | Wednesday, June 28, 2017 4:30 PM |
| **To:** | Nora Leidecker |
| **Subject:** | RE: Urgent Removal FT04038- Stacie Kreinbrink |

**EXHIBIT D**

Thank you for your email. This account has been withdrawn per answer required dispute as of 5/21/2017. This account was never credit reported. If you have any questions, please feel free to call client service at 800-685-0595.

## Thank you so much!

Sasha Cherry
Client Service Representative
IC System, Inc.
Tel: (800)685-0595
Fax: (800)649-9713

    

**From:** Nora Leidecker [mailto:nleidecker@empire-today.com]
**Sent:** Wednesday, June 28, 2017 1:08 PM
**To:** MCFollowUP
**Subject:** RE: Urgent Removal FT04038- Stacie Kreinbrink

Please send confirmation of removal and also that you have submitted to all credit agencies that IC Systems uses to remove negative marking.

Thank you

**From:** Nora Leidecker
**Sent:** Wednesday, June 28, 2017 11:37 AM
**To:** MCFollowUP (MCFollowUP@icsystem.com) <MCFollowUP@icsystem.com>
**Subject:** Urgent Removal FT04038- Stacie Kreinbrink

*Good morning,*

*Please remove our mutual customer from collections immediately and any negative marking. We will be working with the customer.*

*Order FT04038*
*Stacie Kreinbrink*
*2949 W. Course RD Maumee, OH*
*(419) 704-6105*
*$4056.51*

20170628. RE Urgent Removal FT04038- Stacie Kreinbrink.htm

*Thanks*

*Nora Leidecker / AR Supervisor / 333 Northwest Ave Northlake, IL 60164 / 847-583-3362/Fax # 708- 202-1345*

**Connect with us online :** www.facebook.com/empiretoday - www.twitter.com/empiretoday - plus.google.com/+empiretoday - www.linkedin.com/company/empire-today

The information contained in this message may be confidential and is for the intended addressee only. Any unauthorized use, dissemination of the information, or copying of this message is prohibited. If you are not the intended recipient, please immediately delete this email and any attachments, and notify the sender in reply.
CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.





System
P.O. Box 64437
St. Paul, MN 55164-0437
Electronic Service Requested

February 17, 2018

444 Highway 96 East, PO Box 64378
St. Paul, MN 55164-0378
Toll-Free No: 800-423-2127

**ACCOUNT SUMMARY**

Creditor: Empire Today LLC
Account No: FT04038
I.C. System Reference No: 117103520-2-99

| | |
|---|---|
| Principal Due: | $4,056.51 |
| **BALANCE DUE:** | **$4,056.51** |

$0.00 has been paid since placement

Pigott Ltd
PO Box 8813
Toledo, OH 43623-0813

Claim of: Empire Today LLC   Against: Stacie Kreinbrink
Thomas D Pigott
You have been identified as an attorney representing Stacie Kreinbrink.

Our client, Empire Today LLC has referred a delinquent account to us for collection. Empire Today LLC is both the original and current creditor to whom this debt is owed.

Please contact I.C. System, Inc. to discuss resolution of this matter. Unless you respond to this request for confirmation, we will assume you do not represent Stacie Kreinbrink and will contact the consumer directly.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**NOTICE**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make a request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

---

0810 - System - 04153096 - I3C - IC5ystm.WTD - 875330 - 00031611 - 031015C_I of L

| **PAYMENT OPTIONS** | ➤ Billing Phone Number: _____ |
|---|---|
|  Mail check or money order payable to I.C. System, Inc. with this portion of letter. Include Reference Number 117103520-2-99. | ➤ E-Mail Address: _____ |
| | ➤ Address Changed? Make Changes Below. |
|  Call us: 800-423-2127. | Pigott Ltd<br>PO Box 8813<br>Toledo, OH 43623-0813 |

I.C. System, Inc.
PO Box 64378
Saint Paul, MN 55164-0378

∧ Pay to ∧

0310000040565111710352000299010l

EXHIBIT E